**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
NATALIE L. WINSLOW (SBN 281704)
Email: natalie.winslow@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC dba
CHAMPION MORTGAGE COMPANY
*erroneously sued as "Champion Mortgage Company" and "Champion Mortgage Company dba Nationstar Mortgage"*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL GUTIERREZ, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,; CHAMPION MORTGAGE COMPANY; CHAMPION MORTGAGE COMPANY dba NATIONSTAR MORTGAGE; and DOES 1 to 100,<br><br>　　　　　Defendants. | Case No. 5:18-cv-02035-JAK-SP<br><br>**NOTICE OF MOTION AND MOTION TO REOPEN CASE AND MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Hearing information:<br>Date:　　June 21, 2021<br>Time:　　8:30 a.m.<br>Dept.:　　10B<br><br>Documents Filed Concurrently:<br>1. Declaration of Natalie L. Winslow<br>2. Proposed Order |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 21, 2021 at 8:30 a.m., or as soon thereafter as may be heard, in Courtroom 10B of the above-entitled Court located at 350 West 1st Street, Los Angeles, California, the Honorable John. A. Kronstadt presiding, defendant NATIONSTAR MORTGAGE LLC dba CHAMPION MORTGAGE COMPANY will and does move this court to reopen the case and enforce the settlement between Nationstar and plaintiff Juan Manuel Gutierrez (**plaintiff**).

This motion is made and based on the court's inherent power to enforce settlement agreements involving actions pending before it and is based on the ground that plaintiff has failed to fulfill his obligations under the terms of the parties' settlement, including execution of a formal settlement agreement.

Pursuant to the court's minute order dated January 12, 2021, ECF No. 76, good cause exists as to why the settlement has not been completed—plaintiff will not sign the formal settlement agreement, **Exhibit A**.[1]  *See also* Decl. of Natalie L. Winslow at ¶ 13. The following settlement processes are necessary:  1) execution of the formal settlement agreement; 2) Gutierrez's fulfillments of all requirements contained within paragraph 2 of the formal settlement agreement; and 3) execution of the stipulation and proposed order for dismissal with prejudice.  Decl. of Natalie L. Winslow at ¶ 13.  Nationstar anticipates that once the parties execute a formal settlement agreement, the case will be resolved within 60 days. *Id*.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 19, 2021.[2]

Nationstar's motion is based on this notice, the memorandum of points and authorities attached, the declaration of Natalie L. Winslow filed concurrently, upon the

---

[1] The settlement agreement between the parties is confidential.  Concurrently with the filing of this motion, Nationstar applies for leave to file Exhibits A, B, and C under seal.

[2] A more detailed account of the meet and confer is contained within the Declaration of Natalie L. Winslow.

2   CASE NO 5:18-CV-02035-JAK-SP
**MOTION TO REOPEN AND MOTION TO ENFORCE**

1  records and files of the court in this action, and upon such further evidence and argument
2  as may be presented prior to or at the time of the hearing on the motion.
3
4  Dated: February 26, 2021             Respectfully submitted,
5                                       **AKERMAN LLP**
6
7                                       By: */s/ Natalie L. Winslow*
                                            Justin D. Balser
8                                           Natalie L. Winslow

9                                       Attorneys for Defendant
                                        NATIONSTAR MORTGAGE LLC dba
10                                      CHAMPION MORTGAGE COMPANY

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1
    I.    Introduction. ................................................................................................. 1
    II.    Nationstar is Entitled to Enforce the Settlement. ................................... 2
        A.    Gutierrez Accepted Nationstar's Offer on January 10, 2020 ...... 2
        B.    Plaintiff should Honor the Express Terms of the January 10 Settlement Memorialized in the Formal Settlement Agreement, Exhibit A ................................................................ 3
    III.    Alternatively, the Court should Grant Summary Judgment on All Claims ........................................................................................................ 3
    IV.    Nationstar is Entitled to Reasonable Attorneys' Fees and Costs. ......... 4
CONCLUSION ............................................................................................................. 4

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

i    Case No 5:18-CV-02035-JAK-SP
**MOTION TO REOPEN AND MOTION TO ENFORCE**
56575959;1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In Re City Equities Anaheim, Ltd.*,
  22 F.3d 954 (9th Cir. 1984) ................................................................................2

*Doi v. Halekulani Corp.*,
  276 F.3d 1131 (9th Cir. 2002) ............................................................................3

*Gavina v. Smith*,
  25 Cal.2d 501 (1944) ..........................................................................................3

*Harrop v. Western Airlines, Inc.*,
  550 F.2d 1143 (9th Cir. 1977) ............................................................................2

*Jeff D. v. Andrus*,
  899 F.2d 753 (9th Cir. 1989) ..............................................................................2

*Maynard v. City of San Jose*,
  37 F.3d 1396 (9th Cir. 1977) ..............................................................................2

*United States v. McInnes*,
  556 F.2d 436 (9th Cir. 1977) ..............................................................................2

*Speed Shore Corp. v. Denda*,
  605 F.2d 469 (9th Cir. 1979) ..............................................................................2

*TNT Marketing, Inc. v. Agresti*,
  796 F.2d 276 (9th Cir. 1986) ..............................................................................4

**Rules**

L.R. 7-3 ...................................................................................................................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

Pursuant to the court's orders setting a settlement conference, ECF Nos. 40 and 52, Nationstar sent plaintiff a settlement offer on July 17, 2020. **Ex. B**. Plaintiff did not initially accept the offer, and the settlement conference concluded without a settlement. Decl. of Natalie L. Winslow at ¶¶ 2-3. In December 2020, plaintiff inquired whether Nationstar would agree to settle the case on the same terms as the July 17, 2020 offer. *Id*. at ¶ 4. On December 23, 2020, Nationstar informed plaintiff, "Champion's prior offer still stands. . . ." **Ex. C**. On January 5, 2021, pursuant to plaintiff's request, Nationstar added a term to the pending offer. *Id*. On January 10, 2021, plaintiff accepted the pending offer. *Id*. The following day, plaintiff and Nationstar filed with this court a notice of settlement, ECF No. 75. The notice stated, in part, plaintiff and Nationstar "have reached a confidential settlement resolution in the above-captioned case." *Id*. at 2:3-4. Notably, Gutierrez and Nationstar's counsel executed the notice. *See id*.

Nationstar sent the proposed draft settlement agreement and stipulation for dismissal with prejudice to plaintiff on January 25, 2021. **Ex. D**. Nationstar followed up with plaintiff by email on February 3 and 5, 2021. **Ex. E**. Plaintiff and Nationstar conferred by phone on February 10, 2021. Decl. of Natalie L. Winslow at ¶ 9. Plaintiff informed Nationstar he wanted to make additional changes to the agreement, and on the same date Nationstar sent the draft agreement in Word version to plaintiff. **Ex**. **F**. Nationstar followed up with plaintiff by email on February 18, 2021. **Ex. G**. Nationstar requested a telephonic meet and confer with counsel the following date, and the parties conducted the conference the same date. Decl. of Natalie L. Winslow at ¶¶ 11-12. To date, plaintiff has not approved or executed the draft settlement documents, despite the settlement between the parties on January 10, 2021.

## II. Nationstar is Entitled to Enforce the Settlement.

It is well established in the Ninth Circuit that the trial court "has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending." *In Re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1984).[3] Settlement agreements are highly favored by the courts and upheld whenever possible as a means for resolving disputes pursuant to public policy. *See Speed Shore Corp. v. Denda*, 605 F.2d 469, 473 (9th Cir. 1979); *United States v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977) (the Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements). To be enforced, a settlement agreement must only meet two criteria: (1) the settlement agreement must be complete; and (2) the parties must have agreed to terms of the settlement agreement or authorized their respective counsel to settle the dispute. *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1977); *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-1145 (9th Cir. 1977).

### A. Gutierrez Accepted Nationstar's Offer on January 10, 2020

An agreement to settle a legal dispute is a contract, and thus, the construction and enforcement of settlement agreements are governed by the principles of local contract law. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). It is beyond dispute that the fundamental principles of contract law hold that a contract consists of three elements: offer, acceptance and consideration. As set forth more fully below, Nationstar made a clear written offer of material terms which plaintiff accepted, and the parties' mutual promises to each other constitute consideration.

Prior to the court-mandated settlement conference on July 29, 2020, Nationstar sent a settlement offer to plaintiff. **Ex. B**. Plaintiff did not initially accept the offer, but inquired in December 2020 as to whether Nationstar remained interested in settlement. Decl. of Natalie L. Winslow at ¶¶ 2-4. Nationstar confirmed the prior offer remained

---

[3] After the parties filed the notice of settlement, the court dismissed the case without prejudice. ECF No. 76. The court specifically retained jurisdiction to vacate the order and reopen the case under the appropriate circumstances. *See id*.

1  open.  **Ex. C**.  Nationstar added an additional term to the offer at plaintiff's request.  *Id*.

2  On January 10, 2021, plaintiff accepted Nationstar's offer in writing.  *Id*.  Plaintiff and

3  Nationstar jointly executed a notice of settlement, which Nationstar filed with the court.

4  ECF No. 75.  The notice stated, in part, that plaintiff and Nationstar "have reached a

5  confidential settlement resolution in the above-captioned case."  *Id*. at 2:3-4.

6        With Nationstar's clear written offer and plaintiff's acceptance, all that was left to

7  be done was a formal settlement agreement to be typed and executed.  That plaintiff now

8  refuses to execute the formal settlement agreement is no impediment to the court's

9  granting of this motion.  *See e.g., See Doi v. Halekulani Corp*., 276 F.3d 1131, 1138 (9th

10  Cir. 2002) (holding that an agreement announced on the record becomes binding even if

11  a party has a change of heart after he agreed to its terms but before the terms are reduced

12  to writing); *Gavina v. Smith*, 25 Cal.2d 501 (1944) (holding that where the parties have

13  agreed in writing on essential terms, the agreement is binding even though the parties

14  contemplated preparation of a formal instrument and the instrument was never created).[4]

15  **B.**   **Plaintiff should Honor the Express Terms of the January 10 Settlement**
16        **Memorialized in the Formal Settlement Agreement, Exhibit A**

17        It is indisputable that there was a settlement offer and acceptance in this case.

18  Plaintiff and Nationstar jointly submitted a notice of settlement to this court, which

19  explicitly informed the court of the settlement between the parties.  Accordingly,

20  Nationstar requests the court enforce the settlement agreement and compel plaintiff to

21  sign the formal settlement agreement attached as Exhibit A or deem it signed so that the

22  parties can effectuate final resolution of this matter.  Nationstar also requests the court

23  require plaintiff satisfy all conditions precedent to payment contained within paragraph

24  2 of the formal settlement agreement.  *See* Ex. A at ¶ 2.

25  **III.**   **Alternatively, the Court should Grant Summary Judgment on All Claims.**

---

[4] Plaintiff clearly anticipated the parties would execute a formal settlement agreement. He asked for a draft of certain language within the proposed agreement on December 23, 2020. Ex. C. Following settlement, plaintiff requested a copy of the formal settlement agreement on January 19, 2021 and January 20, 2021. Ex. D.

1  Nationstar previously filed for summary judgment on June 8, 2020.  ECF No. 50.
2  Nationstar incorporates by reference all arguments made in its motion as though fully set
3  forth herein.  Nationstar requests the court grant summary judgment in its favor.

4  **IV.     Nationstar is Entitled to Reasonable Attorneys' Fees and Costs.**

5  This court not only has the inherent power to enforce the settlement of the
6  litigation before it, it also has the power to award damages for failure to comply with the
7  terms of the settlement agreement, including an award of attorneys' fees.  *TNT Marketing,*
8  *Inc. v. Agresti*, 796 F.2d 276, 278-79 (9th Cir. 1986).  While awarding attorneys' fees is
9  an exceptional remedy, under the present circumstances an award of attorneys' fees is
10 warranted.

11 In view of the clear and undisputed language of Nationstar's offer, which plaintiff
12 accepted, plaintiff's refusal to now execute the formal settlement agreement and comply
13 with the terms of settlement is inexcusable.  Had plaintiff not agreed to settle in January,
14 it is likely the court would have already entered its order on Nationstar's summary
15 judgment motion, filed in June of last year.  Plaintiff's actions stopped the momentum of
16 the case for no just reason.

17 Nationstar has tried numerous times to convince plaintiff to honor the settlement
18 agreement, without court intervention.  Plaintiff has repeatedly ignored Nationstar and
19 refused to honor his contract—once again.  *See, e.g.*, ECF No. 60 at 1-2 (explaining that
20 plaintiff previously breached the terms of his loan agreement with Nationstar).  In light
21 of plaintiff's refusal to comply with the terms of the settlement, attorneys' fees and costs
22 incurred in connection with this motion to enforce should be awarded to encourage
23 plaintiff and future litigants to honor what they themselves agree to in writing and
24 represent to the court as an agreement between parties.

25 **CONCLUSION**

26 For the foregoing reasons, Nationstar respectfully requests the court reopen the
27 case, grant the motion to enforce settlement agreement, and order execution of the formal
28 settlement agreement attached as Exhibit A.  Alternatively, Nationstar requests the court

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  enter judgment in Nationstar's favor pursuant to summary judgment motion previously
2  filed by Nationstar.  Finally, Nationstar respectfully requests the court award Nationstar
3  its reasonable attorneys' fees and costs incurred in connection with this motion, and such
4  other relief as the court deems proper.

5  Dated: February 26, 2021                    Respectfully submitted,

6                                                        **AKERMAN LLP**

8  By: */s/ Natalie L. Winslow*
     Justin D. Balser
9       Natalie L. Winslow

10 Attorneys for Defendant
NATIONSTAR MORTGAGE LLC dba
11 CHAMPION MORTGAGE COMPANY

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

5          Case No 5:18-CV-02035-JAK-SP
**MOTION TO REOPEN AND MOTION TO ENFORCE**
56575959;1