**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
NATALIE L. WINSLOW (SBN 281704)
Email: natalie.winslow@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC dba
CHAMPION MORTGAGE COMPANY
*erroneously sued as "Champion Mortgage Company" and "Champion Mortgage Company dba Nationstar Mortgage"*

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUAN MANUEL GUTIERREZ, an individual,

Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC; CHAMPION MORTGAGE COMPANY; CHAMPION MORTGAGE COMPANY dba NATIONSTAR MORTGAGE; and DOES 1 to 100,

Defendants.

Case No. 5:18-cv-02035-JAK-SP

**REPLY SUPPORTING MOTION TO REOPEN CASE AND MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Hearing information:
Date: June 21, 2021
Time: 8:30 a.m.
Dept.: 10B

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

I. The Undisputed Written Communications Evidence a Settlement ....... 1

II. The Court should Enforce the Settlement between the Parties ....... 2

A. The Contract was Formed through Attorney Communications ....... 2

B. The Parties Never Contemplated the New Term Gutierrez Discusses in his Opposition ....... 3

C. Gutierrez's Alleged Unilateral Mistake of Law is Immaterial ....... 4

D. Even if Gutierrez's Mistake was a Mistake of Fact, He Cannot Rescind the Contract ....... 5

III. Gutierrez does Not Oppose in his Opposition that Summary Judgment should be Granted in Nationstar's Favor or that Nationstar is Entitled to Fees and Costs ....... 6

CONCLUSION ....... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Banner Entm't Inc. v. Superior Court*,
62 Cal. App. 4th 348 (1998) ....................2

*Blix St. Records, Inc. v. Cassidy*,
191 Cal.App.4th 39 ....................3

*Bryant v. Amtrack*,
No. 08-cv-458-WQH-RBB, 2011 WL 291233 (S.D. Cal. Jan. 26, 2011) ....................2

*Donovan v. RRL Corp*,
27 P.3d 702 (Cal. 2001) ....................5

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.*,
414. Cal. App. 4th 1410 (1996) ....................4

*Kohn v. Jaymar-Ruby, Inc.*,
23 Cal. App. 4th 1530 (1994) ....................2

*Maynard v. City of San Jose*,
37 F.3d 1396 (9th Cir. 1994) ....................3

*Mohamed v. Uber Techs., Inc.*,
848 F.3d 1201 (9th Cir. 2016) ....................6

*Richardson v. Richardson*,
180 Cal. App. 3d 91 (1986) ....................2

*Sangerman v. Theriault Enters. Inc.*,
No. C-05-04183, 2007 WL 707502 (N.D. Cal. Mar. 6, 2007) ....................2

**Statutes**

CAL. CIV. CODE § 1578 ....................4, 5

**Rules**

Local Rule 7-12 ....................6

Rule 11 ....................1, 6

**Other Authorities**

1 Witkin, Summary of California Law (9th ed. 1987) Contracts, § 379, pp 345-346 ....................5

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## I. The Undisputed Written Communications Evidence a Settlement

Plaintiff Juan Gutierrez does not meaningfully dispute the communications between the parties regarding settlement. *See generally* ECF No. 83 at 4-7. Gutierrez generally accuses Nationstar of attempting to "hide" the truth, *id*. at 4:4-6, but Nationstar provided the court with all the communications between Gutierrez's counsel and Nationstar's counsel regarding settlement. ECF No. 77 at Ex. C. While Gutierrez asks the court to focus on communications that occurred between counsel in December 23, 2020—before the parties reached a settlement—the material communications occurred on January 5 and 10-11, 2021. *Id*. at p. 1. On January 5, 2021, Nationstar's counsel provided Gutierrez with a revised settlement offer to include an additional term that Gutierrez had requested. *Id*. Gutierrez's counsel responded on January 10, 2021 with the following:

> Please ask your client to authorize you to prepare a settlement agreement, as Juan as [*sic*] agreed to accept your pending offer and the settlement funds of $[REDACTED].
>
> Please acknowledge Juan has accepted Champion's offer via email, and please call me to discuss notifying the court.

*Id*.

On January 11, 2021, Nationstar confirmed the settlement per Gutierrez's counsel request and provided Gutierrez with a proposed notice of settlement to file with the court. *Id*.

Gutierrez's counsel agreed to the notice of settlement. ECF No. 75. The notice of settlement, presumably executed by counsel with a Rule 11 basis to do so, informed the court:

> PLEASE TAKE NOTICE that Nationstar Mortgage LLC dba Champion Mortgage Company and plaintiff Juan Manuel Gutierrez (collectively, the **settling parties**), by and through their respective counsel of record, provide notice they have reached a confidential settlement resolution in the above-captioned case.

*Id*. at 2:1-4. The notice of settlement does *not* say that settlement is anticipated. The

notice of settlement does *not* say that the parties' settlement was contingent in any way.[1]

## II. The Court should Enforce the Settlement between the Parties

### A. The Contract was Formed through Attorney Communications

Gutierrez initially argues that the settlement between the parties is unenforceable because there is no executed written agreement between the parties. ECF No. 83 at 10. But in California, a settlement need not be memorialized in a fully executed writing to be enforceable. This is true even when the agreement is oral, as opposed to within written email exchanges between counsel. *See Richardson v. Richardson*, 180 Cal. App. 3d 91, 97 (1986) ("When parties orally agree upon all the terms and conditions of an agreement with the mutual intention that it shall thereupon become binding, the mere fact that a formal written agreement to the same effect is to be prepared and signed does not alter the binding validity of the oral agreement."); *Banner Entm't Inc. v. Superior Court*, 62 Cal. App. 4th 348, 358 (1998) (same); *Kohn v. Jaymar-Ruby, Inc.*, 23 Cal. App. 4th 1530, 1534 (1994) (enforcing settlement agreement where "there was substantial evidence that the parties reached a binding oral agreement" at a settlement conference "as to the material terms of a settlement of payment, scope of release, confidentiality that all that remained to be done was a reduction of the agreement to a writing").

Federal courts have routinely enforced settlement agreements even when one party refused to execute the formal written agreement. *See, e.g., Sangerman v. Theriault Enters. Inc.*, No. C-05-04183, 2007 WL 707502, at *1-2 (N.D. Cal. Mar. 6, 2007) ("[T]he fact that defendants have not signed the written settlement agreement does not bar enforcement of the orally agreed-upon terms contained in the contract."); *Bryant v. Amtrack*, No. 08-cv-458-WQH-RBB, 2011 WL 291233, at *3 (S.D. Cal. Jan. 26, 2011) (enforcing an oral settlement agreement where the parties intended to be bound whether

[1] Gutierrez makes much of the fact that Nationstar did not provide him with a written settlement agreement before the parties had agreed to material terms and settled the case. Generally, as a matter of practice, a settlement agreement is not prepared until after the parties agree to all material terms of a settlement. In any event, whether Nationstar provided Gutierrez with a proposed agreement before or after the parties agreed to material terms is irrelevant to whether the parties entered into a contract, and whether the contract is enforceable.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

or not a formal "long form agreement" was prepared afterward).

Gutierrez relies on *Maynard*, cited by Nationstar in its motion for the elements required to enforce a settlement agreement, ECF No. 77 at 7, to say that this Court should not enforce the settlement between Gutierrez and Nationstar. But in that case, the parties had not agreed to an essential term—the "form of the personal assurances the City Manager would include in his letter." *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994). Here, the parties agreed to all material terms of the settlement (and Gutierrez does not assert otherwise). Simply because Gutierrez did not execute the written agreement does not mean that the parties did not enter into a contract. *See Blix St. Records, Inc. v. Cassidy*, 191 Cal.App.4th 39 ("When parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement").

**B. The Parties Never Contemplated the New Term Gutierrez Discusses in his Opposition**

Gutierrez admits in his opposition that he authorized his counsel to settle the case. ECF No. 83 at 6-7. It appears Gutierrez claims, in part, that the court should not enforce the contract between the parties because Gutierrez believed the source of the funds to repair his home was to come from Nationstar, not GoFundMe. ECF No. 83 at 7. But the settlement between the parties was silent as to who (if anyone) was to fix any alleged damages to the property. *See, e.g.* ECF No. 77 at Ex. C. The settlement between the parties contemplated that Nationstar would pay a sum certain to Gutierrez and reconvey the deed of trust, and Gutierrez would dismiss the litigation with prejudice. *See id.* Gutierrez cannot seek to avoid his contract based on a term that was never contemplated or expressed as part of the agreement.

Gutierrez's counsel implicitly (if not explicitly) confirmed through his December 31, 2020 correspondence to Nationstar's counsel that repairs for the property were not contemplated by the pending settlement negotiations: "Juan's [*sic*] can't figure out how it would benefit him to accept the offer when he still couldn't live in the home. . . ." ECF

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

No. 77 at Ex. C, p. 3-4.

**C. Gutierrez's Alleged Unilateral Mistake of Law is Immaterial**

It appears Gutierrez claims—though not explicitly stated in the opposition—that there was a unilateral mistake regarding the agreement, which means the court should render the contract void. But even if the court were to consider Gutierrez's unilateral mistake of a term never discussed between the parties regarding the source of funds to repair the property, Gutierrez's mistake is a mistake of law, which does not rise to the level of a mistake warranting rescission. *See Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 414. Cal. App. 4th 1410 (1996).

*Hedging* involved a contract where the plaintiff was to be paid a fee for finding business partners for the defendant. *Id*. The plaintiff interpreted the contract to mean that he was entitled to his fee merely upon introducing prospective partners, whereas the defendant believed—and the court ruled the contract in fact provided—that the plaintiff was entitled to his fee only where actual business arrangements flowed from the introduction. *Id*. at 1417. The court held that because the mistake stemmed from the plaintiff's "subjective misinterpretation of the contract," it was "at most a mistake of law," not a mistake of fact. *Id*.

After concluding the plaintiff's misinterpretation was at most a mistake of law, the court held the mistake could not rise to the level of a mistake warranting rescission because rescission for unilateral mistakes of law are limited to those that "the other[ ] [party is] aware of at the time of contracting, but which they do not rectify." CAL. CIV. CODE § 1578(2). Because the plaintiff's misinterpretation of the contract was unknown to the defendant, the court held that it "does not constitute a 'mistake' for rescission purposes." *Id*. at 1421. The court explained:

> There are two reasons courts will not set aside contracts for mere subjective misinterpretation. First, to declare rescission based upon mistaken undisclosed subjective interpretation would conflict with the objective theory of enforceable contracts. If this were the law, the objective theory of contracts would give with one hand, while the subjective misunderstanding theory of rescission would take away with the other. This is not the law. Second, a unilateral misinterpretation of

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

> contractual terms, without knowledge by the other party at the time of contract, does not constitute a mistake under either Civil Code section 1577 or 1578. *See generally* 1 Witkin, Summary of California Law (9th ed. 1987) Contracts, section 379, pages 345-346.

*Id*. at 1421-22.

Nationstar was unaware of Gutierrez's alleged mistaken belief regarding the source of funds to repair his property at the time Nationstar entered into the contract, as that term was never discussed between Gutierrez and Nationstar's counsel. Decl. of Natalie L. Winslow at ¶ 3. Gutierrez's unilateral mistake of law is immaterial as a result.

**D. Even if Gutierrez's Mistake was a Mistake of Fact, He Cannot Rescind the Contract**

As noted above, Gutierrez's unilateral mistake is a mistake of law, not fact. But even if it were a mistake of fact, rescission is not the appropriate remedy.

The California Supreme Court has expressly adopted the Restatement's rule that rescission after a unilateral mistake of fact is only appropriate where "'the effect of the mistake is such that enforcement of the contract would be unconscionable.'" *Donovan v. RRL Corp*, 27 P.3d 702, 716 (Cal. 2001).

In *Donovan*, a car dealer took out a newspaper advertisement that mistakenly listed a Jaguar for sale for $25,995, when it intended to list the price at $37,995. *Id*. at 707. A buyer purported to accept the offer. *Id*. When the dealer refused to sell the car for the lower price, the buyer sued for specific performance. *Id*. at 708. The California supreme court concluded that the dealer's offer and the buyer's acceptance constituted a valid contract, but the dealer was entitled to rescind the contract because enforcing it would be unconscionable—the advertised price was $12,000 less than the dealer intended it to be, and $9,000 less than what the dealer originally paid for the car. *Id*. at 723.

The contract in this case is not unconscionable. Through settlement, Nationstar not only agreed to give up its security interest, but also to pay Gutierrez a specific sum to dismiss the litigation—litigation that, from Nationstar's perspective, was likely to end in summary judgment in favor of Nationstar. *See, e.g.*, ECF No. 50. Simply because

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Gutierrez was mistaken that the funds to repair the property Nationstar was giving him *free and clear* would be from Nationstar, not GoFundme, does not render the contract unconscionable—especially when Nationstar agreed to pay Gutierrez a sum certain as part of the settlement which could have been used for repairs or whatever other purpose Gutierrez wanted to use the funds. *See, e.g.*, *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016) (Under California law, "unconscionable contracts are those that are so one-sided as to shock the conscience.") (internal quotation omitted).

**III. Gutierrez does Not Oppose in his Opposition that Summary Judgment should be Granted in Nationstar's Favor or that Nationstar is Entitled to Fees and Costs**

Nationstar requested that, to the extent the court deny Nationstar's motion to enforce, the court grant summary judgment in Nationstar's favor. ECF No. 77 at 8-9. While Gutierrez opposed Nationstar's summary judgment motion, he does not oppose Nationstar's request in its motion to enforce. *See generally*, ECF No. 83. Nationstar is entitled to summary judgment for all the reasons stated within its summary judgment motion. ECF No. 50.

Nationstar also requested its fees and costs incurred for bringing the motion to enforce. ECF No. 77 at 9. Gutierrez does not oppose this request, and fees and costs are appropriate on this procedural basis alone. *See, e.g.*, Local Rule 7-12. Nationstar is also entitled to its fees and costs based on the facts and arguments presented in Nationstar's motion, ECF No. 77. Specifically, Nationstar has tried on multiple occasions to convince Gutierrez to honor the settlement agreement, without court intervention. Gutierrez repeatedly ignored Nationstar and refused to honor his contract—once again. *See, e.g.*, ECF No. 60 at 1-2 (explaining that Gutierrez previously breached the terms of his loan agreement with Nationstar). Gutierrez should not be allowed to disrupt summary judgment proceedings, restart settlement negotiations, agree to a settlement, execute a notice of settlement filed with a presumable Rule 11 basis, cause the case to be closed—and then refuse to honor his contract. He should pay for the fees and costs Nationstar

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

incurred as a result of the motion to enforce, as Nationstar would not have incurred these charges absent Gutierrez's dilatory actions.

## CONCLUSION

For all the reasons listed in the motion and this reply, Nationstar respectfully requests the court reopen the case, grant the motion to enforce settlement agreement, and order execution of the formal written settlement agreement. Alternatively, Nationstar requests the court grant Nationstar's previously-filed summary judgment motion. Finally, Nationstar requests the court award Nationstar its reasonable attorneys' fees and costs incurred in connection with the motion to enforce, and such other relief as the court deems proper.

Dated: May 10, 2021

Respectfully submitted,

**AKERMAN LLP**

By: *<u>/s/ Natalie L. Winslow</u>*
Justin D. Balser
Natalie L. Winslow

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC dba
CHAMPION MORTGAGE COMPANY

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342